IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO,<br><br>                Plaintiff,<br><br>vs.<br><br>JEFF BREWER, individually;<br><br>                Defendant. | **8:20CV302**<br><br>**FINDINGS AND RECOMMENDATION AND ORDER** |

      This matter is before the court on Plaintiff's Objection to the Notice of Removal from the District Court of Sheridan County (Filing No. 7), and his motion for remand. (Filing No. 9). For the reasons discussed below, the undersigned magistrate judge denies Plaintiff's objection to "venue and vicinage" and recommends that Plaintiff's motion for remand be denied.

## STATEMENT OF FACTS

      On June 24, 2020, Plaintiff Rudy Stanko filed a complaint against Jeff Brewer, individually, in the District Court of Sheridan County, Nebraska. (Filing No. 1-1 at CM/ECF pp. 1-3). Brewer is the Sheriff of Sheridan County, Nebraska. The complaint against Brewer alleges the Sheridan County Jail does not provide adequate legal resources for self-represented litigants in violation of Stanko's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

      On July 29, 2020, Defendant removed the case to this forum, stating that pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over Plaintiff's claims under 42 U.S.C. §1983, and the case may therefore be removed to this

court pursuant to 28 U.S.C. § 1441. (Filing No. 1). Additionally, Defendant states this court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any alleged state law claims because the federal claims and any state claims arise from a common nucleus of operative facts.

Plaintiff objects to removal of this case "over 400 miles from the cause of actions and associated facts." (Filing No. 7 at CM/ECF p. 1). He argues that none of the U.S. Courthouses are near Rushville, Nebraska and "The Eastern jurors are not qualified to judge issues on Western Nebraska." (Id.) He asserts "Removal to Eastern Nebraska venue violates the Sixth Amendment right to an 'impartial jury.'" (Filing No. 7 at CM/ECF p. 2).

Plaintiff also filed a "Notice of Removal to Proper Venue and Vicinage," which is, in substance, a motion to remand the matter to the District Court of Sheridan County. (Filing No. 9). Citing Howlett By and Through Howlett v. Rose, 496 U.S. 356 (1990), he asserts "State courts have jurisdiction over suits brought pursuant to Title 42 of the United States Code . . ." (Id.)

## ANALYSIS

As an initial matter, the court must determine whether jurisdictional grounds exist for removal of the case. Under 28 U.S.C. § 1441, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The plaintiff may challenge the removal by filing a motion to remand the action to state court. 28 U.S.C. § 1447(c). In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor

of remand. Central Iowa Power Co-op v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

Stanko's complaint alleges a right to recover under 42 U.S.C. § 1983 for violations of his rights under the Fifth and Fourteenth Amendments of the Constitution of the United States. (Filing No. 1-1 at CM/ECF pp. 1-3). Howlett, cited by Plaintiff, states that "State Courts as well as federal courts have jurisdiction over § 1983 cases." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 358. (emphasis supplied). Therefore, this court's federal question jurisdiction over Plaintiff's § 1983 claims supports removal to this forum under 28 U.S.C. 1441. The motion for remand should be denied.

Plaintiff's "Objection to Removal and Removal Pleading In WRONG VENUE & Vicinage," (Filing No. 7), is somewhat unclear. To the extent Plaintiff argues that Nebraska is an improper venue, the motion will be denied. The District of Nebraska is clearly a proper federal district for litigating a case arising out of Plaintiff's confinement in Sheridan County, Nebraska.

Plaintiff's Objection, (Filing No. 7), could be construed as an objection to the assigned trial location. Under this court's local rules governing civil cases, a plaintiff in a removed action may file a written request for a specific trial location within 14 days after service of the notice of removal. NECivR 40.1(b). When deciding the place of trial, the judge must consider "the convenience of litigants, witnesses, and attorneys," (NECivR. 40.1(b)(1)), with the convenience of the litigants and witnesses generally afforded greater weight than the convenience of counsel. Canning v. Creighton Univ., No. 4:18CV3023, 2018 WL 1582241, at *1 (D. Neb. Mar. 30, 2018)

Citing United States v. Stanko, 528 F.3d 581 (8th Cir. 2008), Plaintiff states the current trial location, Omaha, is "over 400 miles from the cause of actions and associated facts," "[n]one of the U.S. Courthouses are near Rushville, Nebraska," and "Eastern jurors are not qualified to judge issues on Western Nebraska." (Filing No. 7 at CM/ECF p. 1). In Stanko, Plaintiff argued that:

> (1) he is a resident of Sheridan County, Nebraska, (2) Sheridan County is approximately 500 miles from Omaha, (3) the crime is alleged to have occurred in Sheridan County, (4) all witnesses reside between 400 and 600 miles from Omaha, (5) a trial in Omaha would not provide him with a jury of rural western Nebraska jurors, and (6) the distance that witnesses and jurors from western Nebraska would have to travel to attend the trial in Omaha would cause an undue hardship.

United States v. Stanko, 528 F.3d 581, 583 (8th Cir. 2008). The Eighth Circuit reversed Stanko's criminal conviction and sentence and remanded, finding the trial court failed to duly consider Stanko's motions to change the trial location.

But Stanko, a criminal matter, did not discuss Nebraska's local rules governing trial location decisions in civil actions. Further, in this case, Plaintiff doesn't ask for a specific trial location and he does not state, for any reason, that a different trial location would be more convenient for the litigants, witnesses and counsel. His unsupported perception that "Eastern jurors are not qualified" does not support moving the place of trial. So, to the extent Plaintiff is requesting a change of venue or trial location, his motion will be denied.

As a final note, due to inconsistent return addresses provided in other pending federal cases. (See 7:20CV5005, Filing No. 1 at CM/ECF p. 8, Filing No. 5; See 8:20-cv-294 Filing No. 1 at CM/ECF p. 17, Filing No. 4 at CM/ECF p. 7), the court has been confused as to Plaintiff's current location and mailing address. Since Plaintiff's most recent filing in this case alleges that he is currently housed in the Sheridan County Jail, the address of that facility will be used as Plaintiff's

current address. However, Plaintiff is reminded that he must always keep the court informed of his current address. *See* NEGenR 1.3 (e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). Failure to do so may result in dismissal of Plaintiff's claims.

IT IS RECOMMENDED to the Honorable Joseph F. Bataillon, Senior United States District Judge, pursuant to 28 U.S.C. 636(b), that plaintiff's motion to remand (Filing No. 9) be denied.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Plaintiff's "Objection To Removal and Removal Pleading In WRONG VENUE & Vicinage," (Filing No. 7), is denied.

2) As required under this court's local rules, Plaintiff shall promptly inform the court of any address changes. The failure to do so may result in dismissal of Plaintiff's complaint.

Dated this 21st day of August, 2020.

            BY THE COURT:

            *s/ Cheryl R. Zwart*
            United States Magistrate Judge