IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO; <br><br> Plaintiff, <br><br> vs. <br><br> JEFF BREWER, individually; <br><br> Defendant. | 8:20CV302 <br><br><br> **MEMORANDUM AND ORDER** |

    This case is before the court on the Motion to Dismiss (Filing 4) and the Motion to Strike the Second Amended Complaint (Filing 16) filed by Defendant Jeff Brewer ("Defendant" or "Brewer"). For the reasons outlined below, the motion to strike will be granted, and the motion to dismiss will be granted, with prejudice.

## BACKGROUND

    On June 24, 2020, *pro se* Plaintiff Rudy Stanko ("Plaintiff") filed a complaint against Defendant in the District Court of Sheridan County, Nebraska. He amended his complaint on or about June 29, 2020. The amended complaint alleges Defendant interfered with Plaintiff's access to counsel and the courts and subjected Plaintiff to unconstitutional conditions of confinement.

    Defendant was served, and prior to filing any responsive pleadings, he timely filed a notice to remove this action to federal court. (Filing 1); see also 28 U.S.C. § 1446(b). In his removal notice, Defendant argued Plaintiff's complaint raised a federal question and that this court has original jurisdiction pursuant to 28 U.S.C. §1331. (Filing 1 at CM/ECF p. 2).

    Plaintiff objected. (Filings 7 and 9). Plaintiff claimed that removal to federal court is inconvenient because there are no federal courthouses in the area of western

Nebraska where he resides (or claims to reside). (Filing 7 at CM/ECF p. 1). He additionally argued that the Nebraska state court had jurisdiction over his claims and removal was therefore inappropriate. (Filing 9).

The Magistrate Judge evaluated the jurisdictional issue, found this court has subject matter jurisdiction, and overruled Plaintiff's objections to the assigned trial location. (Filing 11). The undersigned agreed, the Magistrate Judge's Findings and Recommendation were adopted in their entirety, and Plaintiff's motion to remand was denied. (Filing 18).

During the course of the parties' jurisdictional and trial location dispute, Defendant moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Filing 4). The parties briefed the motion, and it was fully submitted on August 24, 2020. Thereafter, on September 4, 2020, Plaintiff filed a second amended complaint without leave of the court or Defendant's consent. (Filing 14). Defendant moved to strike the second amended complaint. (Filing 16). Defendant's motions are now fully submitted.

## DISCUSSION

If Defendant's motion to strike is denied and the second amended complaint becomes the operative pleading, the motion to dismiss the first amended complaint will be moot. The court will therefore initially address Defendant's motion to strike and then address the motion to dismiss.

I.   Motion to Strike

Defendant moves to strike Plaintiff's second amended complaint on both procedural and substantive grounds. (Filing 16). Defendant argues Plaintiff violated Fed. R. Civ. P. 15(a)(2) by filing the second amended complaint without leave of the court or Defendant's consent. Defendant further argues Plaintiff's second amended complaint would vastly expand the scope of this litigation by purporting to be

2

brought by Plaintiff on his own behalf and on behalf of similarly situated prisoners in the Sheridan County Jail. (Filing 14). Defendant alleges Plaintiff, a nonlawyer, cannot represent others and the second amended complaint must therefore be stricken as futile. (Filing 16).

    A.    Rule 15

Pursuant to Fed. R. Civ P. 15(a)(1), a party may amend a pleading once as matter of course. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should give leave freely, when justice so requires. Id. Here, Plaintiff first amended complaint was filed in state court before the case was removed to this forum. Thus, while plaintiff has amended once before, his second amended complaint is the first amendment filed in federal court.

In removed actions, the federal rules treat the parties' actions taken in state court as if they had occurred in the federal forum. *Suarez v. GEO Grp., Inc.*, 2015 WL 13121263, at *1 (S.D. Tex. May 18, 2015). Pleading amendments are no exception, and previous amendments in state court proceedings extinguish a party's right to amend as of right after removal. See *Guthrie v. Wells Fargo Home Mortg. NA*, 2014 WL 3749305, at *3 n.1 (N.D. Ga. July 28, 2014) (determining that "[b]ecause Plaintiff already amended her Complaint as a matter of right while the case was pending in the Superior Court of Fulton County, she may not amend her complaint as a matter of right while it is pending in this [federal district] Court"); *Wright v. Chase Home Fin. LLC*, 2011 WL 2173906, at *3 (D. Ariz. June 2, 2011) ("Since plaintiff already amended her complaint once as a matter of right in state court she must seek leave to amend."); *Manzano v. Metlife Bank N.A.*, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) (determining that "[b]ecause plaintiff filed her First Amended Complaint in state court prior to removal to this court, plaintiff already amended her pleading once as a matter of course" under Fed. R. Civ. P. 15(a)(1)).

Plaintiff filed his first amended complaint in state court on June 29, 2020. The complaint he filed on September 4, 2020 is therefore a second amended complaint – filed without leave of court or Defendant's consent. As a result, it is procedurally improper and properly stricken for failure to comply with the Federal Rules of Civil Procedure.

B. Futility

Even if the Plaintiff had requested leave to file his second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), that request would have been denied as futile. The right to amend a complaint is not absolute or without limits. *See Sherman v. Winco Fireworks Inc.*, 532 F.3d 709 (8th Cir. 2008).

> A district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

*Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). The decision on whether to allow a party to amend its complaint is left to the "sound discretion of the district court." *Popoalii v. Correctional Medical Services*, 512 F.3d 488 at 497 (8th Cir. 2008). "A court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal." *Mawhiney v. Warren Distribution, Inc.*, 2007 WL 188713, at *2 (D. Neb. Jan. 22, 2007).

Here, the new claims raised in the second amended complaint, which Plaintiff stylizes as a class action, are improper on their face. "Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Coleman v. Newton*, 2009 WL 1936265, at *1 (D. Neb. June 29, 2009) (quoting *Craig v. Cohn*, 80 F.Supp.2d 944,

4

946 (N.D.Ind.2000)). Pro se litigants, including inmates, are not permitted to represent other parties in class action proceedings. *Id.*

Moreover, while Plaintiff's complaint offers a handful of new factual allegations, it does not address or rectify the constitutional shortcomings of the first amended complaint. The second amended complaint must be stricken on the merits for failure to state a claim for recovery on behalf of a class and because it does not address any of the fatal defects (discussed below) that support dismissal of the first amended complaint. *Mississippi River Revival, Inc. v. City of Minneapolis, Minn.*, 319 F.3d 1013, 1018 (8th Cir. 2003).

II. Motion to Dismiss

Since the second amended complaint will be stricken, Plaintiff's first amended complaint remains the operative pleading. Defendant has moved to dismiss that pleading, arguing: 1) Plaintiff's claims are moot; 2) Defendant is entitled to qualified immunity; and 3) Plaintiff failed to exhaust his administrative remedies. (Filing 6 at CM/ECF p. 2-6).

A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

For the purposes of a motion to dismiss, the court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (internal quotation marks

omitted). Where, as in this case, the plaintiff appears pro se, the "complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted). But the complaint must nonetheless state a claim. The court will not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Hawkins Constr. Co. v. Peterson Contractors, Inc.*, 970 F. Supp. 2d 945, 949 (D. Neb. 2013).

A complaint need not include detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian*, 760 F.3d at 848 (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

B.  Analysis

As the basis for his § 1983 claim(s), Plaintiff alleges Brewer, the sole defendant and Sheriff of Sheridan County, Nebraska, was the "decision maker and manager of the Sheridan County Jail." (Filing 1-4 at CM/ECF p. 2). Plaintiff has sued Brewer in his individual capacity, alleging Brewer denied Plaintiff access to a law library, or the technological equivalent, while he was an inmate at the Sheridan County Jail. (Id). Plaintiff further claims that after he asked for access to a law library, Brewer "retaliated" against Plaintiff by: 1) "throwing Plaintiff in…solitary confinement and refusing to allow Plaintiff one hour of 'outside exercise;'" 2) denying Plaintiff access to his attorney; 3) disallowing Plaintiff's access to a certain book shelf; and 4) prohibiting Plaintiff from reviewing his legal files. (Filing 1-4 at CM/ECF pp. 1-2).

6

Plaintiff asks the court to enjoin Defendant from prohibiting his access to a law library and from engaging in the alleged retaliatory actions. (Id. at CM/ECF p. 3-4). He also requests a declaration that Defendant's actions violated the United States Constitution. (Id. at CM/ECF p. 5). Finally, he demands a jury trial and a "minimum of $50,000[.]" (Id).

    1)    Injunctive and Declaratory Relief

Plaintiff requests an injunction that would prohibit Defendant from restricting Plaintiff's recreational time and that would immediately allow Plaintiff access to legal counsel, library resources, and his legal files. He seeks a declaration that Defendant's restriction of Plaintiff's requested exercise and access to his legal materials is unconstitutional. Defendant argues these claims are moot because Plaintiff is no longer confined in the Sheridan County Jail. That is, he is no longer subject to the prison conditions of which he complains. (Filing 6 at CM/ECF p. 2) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (injunctive relief) and *Hamner v. Burls*, 937 F.3d 1171, 1175 (8th Cir. 2019), *as amended*, (Nov. 26, 2019) (declaratory judgment)).

Defendant's legal analysis is correct. *Pratt v. Corr. Corp. of Am.*, 267 F. App'x 482 (8th Cir. 2008) (holding that claims for injunction relief and declaratory judgment are moot when prisoner/complainant is no longer in the facility in question); *Cf. Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (noting that the question for determining whether a request for declaratory relief has become moot is whether the facts alleged show a substantial controversy "of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment") (emphasis added). There is insufficient reality or immediacy to support injunctive or declaratory relief when the complainant is not, at present, subject to the challenged conditions of confinement. *Id.*

The doctrine of mootness is subject to an exception referred to as "capable-of-repetition-yet-evading-review." This exception applies when "(1) the challenged

action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). But the exception applies only in exceptional situations. It does not apply to circumstances where the prisoner argues he or she simply might, after transfer or release, later return to the complained-of facility. *Id.*

Plaintiff's first amended complaint, filed on June 29, 2020, alleges he was detained in the Sheridan County Jail at that time. (Filing 1-4). Defendant does not appear to dispute that Plaintiff was, at least initially, confined there. However, by the time the Motion to Dismiss was filed on August 5, 2020, Brewer claims Plaintiff was no longer detained in the Sheridan County Jail and his claims are moot. (Filing 6 at CM/ECF pp. 2-3). On August 17, 2020, in response to Defendant's motion to dismiss, Plaintiff claimed he was still in the Sheridan County Jail. (Filing 10 at CM/ECF p. 1).

The court has had difficulty clearly identifying Plaintiff's correct and current address. Compare (Filing 1 at CM/ECF p. 3); (Filing 8); (Filing 10 at CM/ECF p. 15), and Case No. 7:20-cv-05005, Filing 5 at CM/ECF p. 7). On August 21, 2020, the court ordered Plaintiff to promptly inform the court of any address changes. (Filing 11). That order was sent to Plaintiff's address of record, P.O. Box 509, Gordon, NE 69343. Plaintiff received the mailing (see Filing 13), and while he used the Sheridan County Jail as his return address when objecting to the order, Plaintiff has never contacted the court to update his address. On October 5, 2020, mail sent by the court to Plaintiff at the Sheridan County Jail address was returned as "undeliverable," with a specific notation that Plaintiff is no longer housed at the Sheridan County Jail. (Filing 20).

The jail's statement in the return mailing is fully supported by the state court record for the Sheridan County charges. When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*,

8

478 U.S. 265, 269 n. 1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.1999). *see also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) ("While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider . . . items subject to judicial notice, matters of public record, [and] orders . . . without converting the motion into one for summary judgment.".

"Court records are public records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). Court records from the District Court for Sheridan County confirm that on September 16, 2020, Plaintiff's criminal sentence in Sheridan County Case No. CR 19-285 was suspended and he was released from confinement pending appeal.

Based on information within and inferences derived from court records, Plaintiff is no longer housed at the Sheridan County Jail. Those records establish that Plaintiff was released at his request, not at Defendant's. Plaintiff cannot allege Defendant released Plaintiff from jail to evade a charge of unconstitutional confinement, and there is nothing to indicate any actual and imminent reentry into the Sheridan County Jail.

Plaintiff's request to enjoin Defendant and to declare his rights during incarceration are not "capable-of-repetition-yet-evading-review." Since Plaintiff is no longer confined in the Sheridan County Jail, his claims for injunctive and declaratory relief are moot. *Hundley*, 190 F.3d at 855.

9

2) Damages

Plaintiff's only remaining claim is for recovery of $50,000.00 in civil damages. Defendant argues this claim must be denied because he is entitled to qualified immunity.

Under the doctrine of qualified immunity, government officials are protected "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Ransom v. Grisafe*, 790 F.3d 804, 810-11 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 838 (2016). This doctrine balances two important interests: 1) "the need to hold public officials accountable when they exercise power irresponsibly," and 2) "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

Qualified immunity is an affirmative defense that supports dismissal under Fed. R. Civ. P. 12(b)(6) only when qualified immunity is established on the face of the complaint. *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir.1997). On a motion to dismiss, the qualified-immunity inquiry is a two-step process, accepting all well pleaded facts in the complaint as true. *Id.*

> The threshold question is whether the plaintiff has alleged the violation of a constitutional right. If plaintiffs meet this standard, we next determine whether that right was clearly established at the time of the alleged violation. A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. In determining whether the legal right at issue is clearly established, this circuit applies a flexible standard, requiring some, but not precise[,] factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles.

*Id.* (internal quotations and citations omitted).

Plaintiff cites the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as the basis of his claims under 42 U.S.C. § 1983. It is wholly unclear which constitutional provision Plaintiff relies on when claiming a right to recover monetary damages. But irrespective of that ambiguity, he has failed to allege a violation of any clearly established constitutional right.

    a.    Interference with Legal Defense

Plaintiff alleges Defendant unlawfully seized Plaintiff's legal files, failed to provide a law library within the jail, and interfered with Plaintiff's ability to communicate with counsel. (Filing 1-4 at CM/ECF p. 2). To the extent Plaintiff is alleging his legal files were confiscated in violation of his Fourth Amendment rights, "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *Id*. Thus, even if Defendant had "confiscated" Plaintiff's papers, as he apparently alleges, there has been no "clearly established" Fourth Amendment violation to support Plaintiff's § 1983 action.

Liberally construed, Plaintiff may be alleging Defendant denied Plaintiff's access to the courts. A "prisoner's right of access [to the courts] has been described as a consequence of the right to due process of law and as an aspect of equal protection." *See Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989) (internal citations omitted)); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (noting, outside of the context of prisons, the right to access the courts is guaranteed by an "amalgam" of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses).[1] "For prisoners,

---

[1] To the extent Plaintiff may be alleging a Fifth Amendment due process claim, the claim must be denied. "The Fifth Amendment's Due Process Clause applies only to

meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007) (quoting Bounds v. Smith, 430 U.S. 817, 828, *overruled on other grounds*, Lewis *v. Casey*, 518 U.S. 343, 354 (1996)).

Citing *Bounds v. Smith*, 430 U.S 817 (1977), Plaintiff claims he was denied access to a law library and his legal files in violation of his constitutional rights. However, the right to access the courts discussed in *Bounds* did not create some abstract (or absolute) right. *Bounds*, 430 U.S at 828. A prisoner must allege prejudice arising from the lack of a sufficient law library or his legal files; that these alleged violations *actually hindered* his efforts to pursue his legal claims or defenses. *Casey*, 518 U.S. at 349. Plaintiff has not alleged any facts showing he was harmed because he lacked access to a library (or any specific bookshelf or computer), to an attorney, or to any of his legal papers. His claim based on lack of library access and lack of access to his legal documents must be dismissed.

The first amended complaint alleges Defendant denied Plaintiff's access to counsel. But upon review of the Sheridan County Court records, Plaintiff appeared *pro se* in those proceedings. Plaintiff cannot assert Defendant interfered with his right to call "his attorney." Regardless, Plaintiff has not alleged that he was wholly unable to contact parties outside the jail (including "his attorney"). He can send written communications – as he has demonstrated repeatedly in his mailings to the court. His contention that he was prohibited from *telephoning* some unknown legal advisor does not violate any clearly established right. There is no constitutional right

---

the federal government or federal actions," and Plaintiff has not alleged that the federal government or a federal action deprived him of property. *Barnes v. City of Omaha*, 574 F.3d 1003, 1006 (8th Cir. 2009) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Brewer is the only defendant and he is a Sheridan County, Nebraska official. Plaintiff's first amended complaint is not filed against a federal actor, and it does not allege federal actions violated Plaintiff's due process rights.

to telephone access, as a general matter. And to the extent Plaintiff alleges that Defendant completely barred him from contacting a criminal defense attorney, he has not pleaded a sufficient factual basis to support that contention, or that calling rather than writing to an attorney deprived him of his right to counsel. *Twombly*, 550 U.S. at 570.

Liberally construed, Plaintiff's amended complaint may be attempting to assert a Sixth Amendment claim for denying access to counsel. While a plaintiff may in certain circumstances assert Sixth Amendment violations as a basis for § 1983 suit, Plaintiff's current circumstances do not support such a claim. *Cf. Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014). For the reasons already discussed, whether asserted as a denial of access to the courts or as a Sixth Amendment violation, Plaintiff's amended complaint fails to state facts supporting a claim that his constitutional rights were violated because he was unable to communicate with legal counsel. The amended complaint does not allege facts supporting a claim that Plaintiff ever invoked his right to counsel or that after he did so, Defendant denied Plaintiff's ability to communicate with an attorney.

b. Conditions of Confinement

Plaintiff alleges he was unlawfully placed in solitary confinement and was denied more than an hour of outdoor exercise per day. Claims alleging unlawful conditions of confinement in violation of the Eighth Amendment "must be particularized to the facts of the case" and not "defined at a high level of generality." *White v. Pauly*, ––– U.S. ––––, 137 S. Ct. 548, 552, 196 L.Ed.2d 463 (2017).

Solitary confinement is not, in and of itself, unconstitutional. *Hamner*, 937 F.3d at 1175. And there is no constitutional right to more than an hour of exercise per day. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (finding three hours of exercise <u>per week</u> did not violate prisoner's constitutional rights). While an inmate might allege that a deprivation of exercise is unconstitutional, Plaintiff has not pleaded any facts that would establish Defendant was deliberately indifferent to his

13

needs, that all exercise was prohibited, or that other extenuating circumstances did not account for Plaintiff's limited access to recreational areas.

Plaintiff's amended complaint alleges no facts to support a claim that Defendant violated clearly established statutory or constitutional rights of which a reasonable person would have known or that Plaintiff was prejudiced by the alleged violations. *Ransom*, 790 F.3d at 810-11 (8th Cir. 2015). Defendant is entitled to qualified immunity, and Plaintiff's claims will therefore be dismissed.

C. Failure to Exhaust Administrative Remedies

All administrative remedies, if any, must be exhausted before filing a § 1983 complaint alleging illegal or unconstitutional prison conditions. 42 U.S.C. § 1997e(a). Plaintiff has not pleaded an exhaustion of any administrative remedy with respect to the conditions of his confinement. If this had been the sole defect in Plaintiff's pleading, perhaps the court would have afforded him an opportunity to amend. As it stands, his complaint is so fatally flawed that it will be dismissed, with prejudice, for the myriad reasons discussed above.

According, IT IS ORDERED that Defendant's Motion to Dismiss (Filing 4) and Motion Strike (Filing 16) are granted. Plaintiff's complaint is dismissed in its entirety, with prejudice. A separate judgment will be entered.

Dated this 8th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge