IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO, individually and on behalf of similarly situated prisoners,<br><br>     Plaintiff,<br><br>vs.<br><br>JEFF BREWER, individually,<br><br>     Defendant. | 8:20CV302<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit, to determine whether Plaintiff's amended complaint (Filing 1-4)[1] states a First Amendment claim upon which relief can be granted, or whether the amended complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(6). Because the parties did not address a possible First Amendment claim in the briefs they filed with reference to Defendant's motion to dismiss (Filing 4), the court gave them an opportunity to submit supplemental briefs on this issue. (See Filing 31.) Defendant filed a timely supplemental brief on September 1, 2021, but Plaintiff did not avail himself of the opportunity to file a supplemental brief.

  Plaintiff alleges that Defendant retaliated against him for filing the present lawsuit by: (1) torturing Plaintiff in violation of the Eighth Amendment; (2) throwing Plaintiff in "the hole, aka solitary isolation"; (3) refusing Plaintiff's demand for one hour of outside exercise; (4) refusing Plaintiff's request and demand to call his

---

[1] This is the amended complaint that was filed in the District Court of Sheridan County, Nebraska, in Case No. CI 20-31, on or about June 29, 2020, and that is attached as Exhibit D to Defendant's notice of removal (Filing 1). It should not be confused with the (second) amended complaint that was filed in federal district court on or about September 4, 2020 (Filing 14). The (second) amended complaint was ordered stricken on October 8, 2020 (see Filing 21), and that ruling was affirmed by the Court of Appeals.

lawyer; and (5) refusing Plaintiff access to a bookshelf and his legal files. (Filing 1-4 ¶¶ 2, 4-8 at CM/ECF pp. 2-3.)

"To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014). "Under the third prong, a plaintiff must show that the retaliatory motive was a 'substantial factor' or 'but-for cause' of the adverse action. In other words, the plaintiff must show he was 'singled out because of [his] exercise of constitutional rights.'" *Id.* (internal citations omitted).

Plaintiff cannot establish causation in this case because the alleged retaliatory conduct occurred *before* Defendant knew of the protected activity (i.e., filing this lawsuit). The record shows that Plaintiff filed his original complaint in the District Court of Sheridan County, Nebraska, on June 24, 2020. (Filing 1-1, at CM/ECF pp. 1.) Defendant was personally served with summons at his residence at 6:44 p.m. on June 29, 2020, which is the same date the amended complaint alleging retaliation was filed, nonelectronically. (Filing 1-3, at CM/ECF p. 1; Filing 1-4, at CM/ECF p. 1.) According to the Sheridan County District Court's website,[2] the Clerk's office is only open until 4:30 p.m. Plaintiff does not allege that Defendant had any advance knowledge of the litigation.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to

---

[2] https://sheridancounty.ne.gov/webpages/district_court/district_court.html. "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

draw on its judicial experience and common sense." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the "plausibility standard" is not one of probability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. (quoting Fed. R. Civ. P. 8(a)(2)). "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "Where a complaint contains facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Parsons v. McCann,* 138 F.Supp.3d 1086, 1097 (D. Neb. 2015) (quoting *Twombly,* 550 U.S. at 557).

On the facts alleged, the court finds Plaintiff's amended complaint fails to state a plausible First Amendment retaliation claim.

IT IS THEREFORE ORDERED:

1. Defendant's motion to dismiss (Filing 4) is granted in all respects.

2. Plaintiff's amended complaint is dismissed in its entirety, with prejudice.

3. Judgment will be entered by separate document.

Dated this 1st day of October 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge